Filed 11/20/14  P. v. Harper CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>PAUL GAPPO HARPER,<br><br>    Defendant and Appellant. | C072762<br><br>(Super. Ct. No. 09F06365) |

Appointed counsel for defendant Paul Gappo Harper asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

1

The People filed a complaint charging defendant and his wife, Theresa Harper, with the August 20, 2009 murder of their 21-month-old child (Pen. Code, § 187, subd. (a))[1] and with assault likely to produce great bodily injury resulting in a child's death (§ 273ab). The magistrate held defendant and his wife to answer on both charges.

Defendant's trial counsel subsequently advised the trial court that he was concerned about defendant's competence to stand trial. The trial court suspended the criminal proceedings and appointed two doctors, Charles B. Schaffer, M.D. (a psychiatrist) and Paul G. Mattiuzzi, Ph.D. (a psychologist), to examine defendant pursuant to section 1368. After considering reports from the doctors, the trial court concluded defendant was competent to stand trial and reinstated the criminal proceedings.

Trial commenced and two separate juries were selected and sworn. Before the presentation of evidence, however, the prosecutor announced that defendant's wife had entered into a plea agreement. In exchange for her guilty plea to second degree murder, she would receive a prison sentence of 15 years to life and would potentially testify against defendant at trial. The trial court accepted her change of plea.

Defendant was offered an aggregate state prison term of 25 years to life in exchange for pleas to second degree murder and assault likely to produce great bodily injury resulting in a child's death. Defendant accepted the plea agreement. He assured the trial court that he had been taking his medications regularly, that he understood the proceedings, and that his conduct had resulted in the death of his child. He said he understood that the jury would find him guilty based on the evidence. He further stated that he understood his prison term would be 25 years to life and that, with good behavior, he could be eligible for parole. The trial court directed defendant to let the trial court

---

[1] Undesignated statutory references are to the Penal Code.

know if he did not understand something or needed clarification, noted that defendant appeared "lucid and clear," and found that defendant understood the proceedings.

The prosecutor set forth the factual basis for the plea, stating that defendant repeatedly beat his child over a period of weeks, causing a skull fracture and brain injuries that resulted in the child's death. Defendant agreed with the prosecutor's recitation of the factual basis for his plea. The trial court advised defendant of the consequences of his plea and the rights he was waiving by pleading guilty. Defendant waived his rights and pleaded no contest to the charged offenses. The trial court scheduled the sentencing hearing to permit defense counsel time to consult with mental health experts for purposes of preparing a file of materials to accompany defendant to state prison.

At the sentencing hearing, defendant sought substitution of counsel. The trial court conducted a *Marsden*[2] hearing, denied defendant's request to substitute counsel, and continued the sentencing hearing.

At the subsequently scheduled sentencing hearing, defendant asked to withdraw his plea based on his trial counsel's alleged ineffective representation. Because the appointed counsel panel administrator agreed that a different attorney could investigate whether there were grounds for defendant to withdraw his plea, the trial court continued the matter.

Defendant filed a motion to withdraw his plea. According to defendant, his trial counsel said defendant could receive a sentence in excess of 25 years to life if he went to trial, because the prosecutor might allege separate incidents of assault leading to the child's death. Defendant claimed the advisement, along with his mental health status, prevented his plea from being knowing, intelligent, and voluntary. The trial court noted,

---

[2] *People v. Marsden* (1970) 2 Cal.3d 118.

3

however, that it had expressly explained to defendant at the plea hearing that defendant's sentence would be the same whether he was convicted after trial or whether he entered the plea agreement: 25 years to life. The trial court denied defendant's motion to withdraw the plea and continued sentencing to permit review of the probation report.

The trial court subsequently sentenced defendant, consistent with the plea agreement, to 25 years to life for assault against a child leading to death. A sentence of 15 years to life for second degree murder was stayed pursuant to section 654.

The trial court denied defendant's request for a certificate of probable cause, and this court subsequently denied defendant's petition for writ of mandate seeking an order requiring the trial court to grant his request for a certificate of probable cause (*Harper v. Superior Court* (June 5, 2014, C076114) [nonpub. order].)

II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

4

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.


                                                     MAURO_____, J.


We concur:


_____HULL_____, Acting P. J.


_____DUARTE_____, J.